IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | |
| PHILIP KIKO, ) | CRIMINAL NO. 1:25-CR-23 |
| ) | |
| ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S NON-CONFIDENTIAL MEMORANDUM IN SUPPORT OF ITS MOTION TO SEAL

The defendant asks for an Order sealing a motion to continue in this case.

### I. Items To Be Sealed and Necessity For Sealing

The Defendant asks the Court to seal his sentencing memorandum and the attached psychological report. Sealing is necessary because the documents contain sensitive personal information regarding his mental health that would cause unnecessary and needless embarrassment and suffering. The defense has considered procedures other than sealing and none will suffice to protect this information from disclosure.

### II. Previous Court Decisions Which Concern Sealing Documents

The Court has the inherent power to seal materials submitted to it. *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's

right of access is outweighed by competing interests." *In re Knight Pub. Co*., 743 F.2d 231, 235 (4th Cir. 1984). It "is appropriate to seal certain records when those particular records contain highly sensitive and potentially embarrassing personal information about individuals. *See Doe v. Blue Cross & Blue Shield United of Wisconsin,* 112 F.3d 869, 872 (7th Cir.1997) (acknowledging that it may have been appropriate for the district court to seal psychiatric records that though pertinent to the suit would have been 'highly embarrassing to the average person'); *see also United States v. Stoneman,* 776 F.2d 1104 (3rd Cir.1985) (affirming district court's sealing of a bill of particulars that contained the names of unnamed co-conspirators, where revealing the names of the co-conspirators would have been career threatening)." *Rossbach v. Rundle*, 128 F. Supp. 2d 1348, 1352 (S.D. Fla. 2000).

### III. Period of Time to Have the Documents Under Seal

The materials to be filed under seal would need to remain sealed until further Order of the Court.

WHEREFORE, the defense respectfully requests that an Order be entered allowing the motion to seal to be placed Under Seal.

Respectfully submitted,

Philip Kiko
By Counsel
Respectfully Submitted,

_____/s/_____
Cary Citronberg
421 King St. #505
Alexandria, VA 22314
cary@jc-attorney.com
Phone: 703 684 8000

## **CERTIFICATE OF SERVICE**

    I hereby certify that on the 21st day of May, 2025, I electronically provided a copy of the foregoing to opposing counsel.

                                                                 _____/s/_____
                                                                 Cary Citronberg
                                                                 421 King St. #505
                                                                 Alexandria, VA 22314
                                                                 cary@jc-attorney.com
                                                                 Phone: 703 684 8000