IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PHILIP G. KIKO JR.,<br><br>　　　　　*Defendant*. | Case No. 1:25-CR-23<br><br>Hon. Leonie M. Brinkema<br><br>Sentencing: May 27, 2025 |

## SUPPLEMENT TO POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING

COMES NOW, the United States of America, by and through undersigned counsel, and files this Supplement to the Position of the United States with Respect to Sentencing. *See* Dkt. 34 ("Position on Sentencing"). As further explained below, at the sentencing hearing on May 27, 2025, the government will seek to bifurcate the matter of restitution and will request a status hearing date regarding restitution in approximately 6 months. The reason for this request is to allow sufficient time for the minor victims in Costa Rica to receive notice of the court proceedings and their right to submit a restitution request, pursuant to 18 U.S.C. §§ 2259 and 3771.

The government noted in its Position on Sentencing that it had received restitution requests from 6 series victims depicted in the child pornography on the defendant's laptop. Dkt. 34 at 23-24. As previously stated, upon information and belief, the defendant has reached settlement agreements with the representatives of these 6 victims. *Id*. However, the government has not yet been able to notify the minor victims in Costa Rica of the court proceedings and their rights under 18 U.S.C. § 3771, including their right to full restitution. Between the defendant's

1

arrest in November 2024 and the present, law enforcement has been working to fully identify the victims in Costa Rica who were used to create child sexual abuse material. As of this filing, law enforcement has identified 7 individuals in Costa Rica who are believed to be victims of the defendant's sexual exploitation. The government has worked diligently to make the victim notifications for the individuals in Costa Rica. When the government filed its Position on Sentencing, it believed that notifications could possibly be sent directly to the parents or guardians of the minor victims. However, the following day, undersigned counsel was informed that victim notifications for the minor victims in Costa Rica cannot be made without a formal request through the countries' Mutual Legal Assistance Treaty, often a lengthy process.

Restitution is mandatory pursuant to 18 U.S.C. § 2259. Pursuant to the plea agreement, the defendant has agreed to the entry of a restitution order for the full amount of the victims' losses as those losses are defined by 18 U.S.C. § 2259(c)(2). Accordingly, at the sentencing hearing on May 27, 2025, the government will seek to bifurcate restitution and will request a status hearing date regarding restitution in approximately 6 months.[1]

> Respectfully submitted,
>
> Erik S. Siebert
> United States Attorney
>
> By: _____/s/_____
> Lauren Halper
> Assistant United States Attorney
> Office of the United States Attorney
> 2100 Jamieson Avenue
> Alexandria, Virginia 22314
> (703) 299-3700
> Lauren.Halper@usdoj.gov

---

[1] As noted, the United States Attorney's Office has not had direct contact with the victims in Costa Rica or their families. Through this filing, the government does not represent that it expects to receive restitution claims from these victims; only that there is no possibility for the victims to receive notice of their right to submit restitution claims by the date of the sentencing hearing.