IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PHILIP KIKO, JR. | ) | CRIMINAL NO. 1:25-CR-23 |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S RESPONSE TO GOVERNMENT'S SUPPLEMENTAL SENTENCING POSITION

Comes Now, Philip Kiko Jr., by and through counsel, and respectfully responds to the government's supplemental position. At the present time, six individuals have made timely restitution claims, and the defense has reached settlements for all of these claims. We are therefore ready to proceed to sentencing on all issues.

The government seeks to bifurcate the sentencing proceeding, and have a bifurcated hearing occur sometime after 6 months from now. Counsel understands from the government that a bifurcated restitution hearing might not be able to occur until 9 months or potentially a year from now. One issue with this request is that under 18 U.S.C. § 3664(d)(5), the extension may "not exceed 90 days after sentencing."

A second important consideration in this case, is that at the plea hearing, the parties discussed a bifurcated hearing. The Court ruled that it would not bifurcate the sentencing, and the parties acquiesced to the Court's ruling. The parties set a later sentencing date (the plea in this case was in January) at the end of May in consideration of that ruling. Counsel then detrimentally relied on the Court's ruling against bifurcation in the manner in which the settlements were negotiated with available claimants. Given

1

the Court's ruling and the parties acquiescence to it at the plea hearing, which would supersede any language in the plea agreement, it would improper to now bifurcate the sentencing hearing. To do so would violate due process.

The defense also believes that a continuance would not be in the interest of justice, though if forced to choose, the defense would ultimately prefer a bifurcated hearing to a continuance. Due to his cognitive impairments, Philip has been held in administrative segregation for over 6 months, which has exacerbated his mental health condition.[1] He has also faced repeated sexual harassment while incarcerated, including inmates exposing themselves as they went by his cell, as well as explicit and troubling remarks made by others.[2] We intend to recommend the medical facility at Butner for Philip which is far more capable than his current situation. We respectfully request to proceed to sentencing and to conclude all matters.

        Respectfully submitted,

        Philip Kiko Jr.
        By Counsel


        Respectfully Submitted,

        _____/s/_____
        Cary Citronberg
        421 King St. #505
        Alexandria, VA 22314
        cary@jc-attorney.com
        Phone: 703 684 8000

---

[1] Though statistics vary, reported instances of bullying among ASD individuals in the general population ranges from 29% to 94%. Lawrence A. Dubin *et al*., Caught In The Web Of The Criminal Justice System: Autism, Other Developmental Disabilities, and Non-Contact Sex Offenses, p. 49 (2017).

[2] Imprisoned ASD individuals are at a greater risk of physical and sexual victimization. Clare S. Allely, Autism Spectrum Disorders in the Criminal Justice System: Police Interviewing, the Courtroom, and the Prison Environment, SMGroup, Oct. 2015, 8.

2

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of May, 2025, I electronically provided a copy of the foregoing to opposing counsel.

_____/s/_____
Cary Citronberg
421 King St. #505
Alexandria, VA 22314
cary@jc-attorney.com
Phone: 703 684 8000